**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 12th day of July, 2016.**



_____
Robert D. Berger
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

**In re:**

**ABOLFAZL FAKHARI,**      Case No. 15-20635
    **Debtor.**      Chapter 13

---

### MEMORANDUM OPINION AND ORDER DENYING RAYNE-STORM'S MOTION TO RECONSIDER, TO ALTER OR AMEND, TO SET ASIDE, TO VACATE, TO MAKE ADDITIONAL FINDINGS, FOR EVIDENTIARY HEARING WITH WITNESS TESTIMONY AND OTHER EVIDENCE, AND FOR A TRIAL

Creditor, Rayne-Storm Co., LLC (Rayne), moves the Court to reconsider, to alter or amend, to set aside, and to vacate its memorandum opinion and order denying Rayne stay relief, to make additional findings, for an evidentiary hearing, and for a trial.[1] The Court has considered Rayne's motion and supporting memorandum and the Debtor Abolfazl Fakhari's response thereto.[2] The parties appear by counsel.[3] The Court reviewed the pleadings and denies

---

[1] Doc. 66. The Court treats Rayne's motion as a FED. R. CIV. P. 59 motion for a new trial or to alter or amend a judgment. *See* FED. R. BANKR. P. 9023 ("Rule 59 F.R.Civ.P. applies in cases under the Code.").
[2] Doc. 66, 67, and 218.
[3] Debtor appears by his attorney, Colin N. Gotham of Evans & Mullinix, P.A., Shawnee, KS. Rayne-Storm Co., LLC, appears by its attorney, Robert F. Flynn of The Flynn Law Firm, P.A., Kansas City, MO.

Rayne's motion because there is: (a) no change in the controlling law; (b) no new evidence; and (c) no need to correct clear error or manifest injustice.[4]

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[5] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The parties do not object to venue or jurisdiction.

## BACKGROUND

Debtor hired Rayne to repair damage to the roof of his residence following a storm. In 2012, Rayne sued Debtor for nonpayment and costs. Rayne did not file a mechanic's lien against Debtor's residence, but elected to proceed with litigation against Debtor. In 2014, a jury returned a verdict in favor of Rayne in the amount of $19,129.44, less $5,000 that had been paid by Debtor to Rayne, and against Debtor for a net judgment (prior to the assessment of costs) of $14,129.44 as damages for the Debtor's nonpayment and breach of contract. Subsequent to the jury verdict, the state court awarded Rayne $72,000 in attorney's fees and $350.50 in costs, for a total judgment of $86,479.94 with post-judgment interest accruing thereon. Judgment was entered in Johnson County, Kansas—the same county in which Debtor's Residence is located.

---

[4] The Court will separately adjudicate the distinct contested matter of Debtor's § 522(f) application to avoid judgment lien of Rayne-Storm Co., LLC (Doc. 36).
[5] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).

On April 2, 2015, Debtor filed for Chapter 13 relief. Debtor listed Rayne on Schedule F as a general unsecured creditor in the amount of $86,479.44. On April 2, 2015, Debtor's counsel filed a notice of bankruptcy filing in the state court proceeding, and a copy thereof was served on Rayne's counsel.[6] Debtor's original Chapter 13 plan was confirmed by this Court on June 26, 2015. Rayne did not file an objection to confirmation of the plan and does not assert inadequate notice. Rayne did not timely file a proof of claim, but did file a motion to file a proof of claim out of time,[7] which this Court denied.[8] Since Rayne tardily filed its proof of claim, the Debtor objected to the proof of claim as untimely,[9] which objection this Court sustained.[10]

On September 8, 2015, Rayne filed a motion for relief from the automatic stay

> to pursue relief in state court to execute and foreclose upon its judgment lien as a secured and perfected interest in Debtor's real property, to seek an upward modification of its judgment . . . and for all other reasonably related acts to secure satisfaction of the judgment through the foreclosure and sale of Debtor's real property.[11]

On September 15, 2015, Debtor filed an objection to Rayne's motion for relief from the automatic stay, arguing that:

> Rayne-Storm . . . is not a secured creditor. Debtor has successfully claimed and is entitled to exempt his homestead. Rayne has not objected to this claim of exemption and the deadline for objecting to exemptions has passed. . . . Rayne has not filed a timely proof of claim and has not objected to Debtor's Chapter 13 Plan, which has been confirmed. . . . Although Rayne's judgment lien will attach to real property, it does not attach to Debtor's homestead.[12]

On October 20, 2015, the Court heard oral arguments on the Debtor's motion for contempt, Rayne's motion for relief from stay, and Debtor's motion to avoid Rayne's lien.[13]

---

[6] Doc. 21, Ex. 2.
[7] Doc. 23.
[8] Doc. 39.
[9] Doc. 33.
[10] Doc. 52.
[11] Doc. 27, at 1.
[12] Doc. 32, at 1.
[13] Doc. 21, 40, and 36.

On February 22, 2016, the Court entered a memorandum opinion and order denying Rayne relief from the automatic stay.[14] This Court instructed that:

> Confirmation of a Chapter 13 plan is binding upon the debtor and his creditors, regardless of whether the claim of a creditor is provided for by the plan and regardless of whether the creditor has objected to, accepted, or rejected the plan. Upon becoming final, the order confirming a Chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained in the plan. Even improper provisions in a confirmed plan are binding. Silence or the failure to object, is acceptance of the debtor's plan as to procedural and legal challenges to the content of the plan, otherwise known as the snooze, you lose rule. Recognizing that Rayne-Storm does not have an allowed proof of claim, either general unsecured or secured, it is nevertheless bound by the treatment afforded general unsecured creditors in the Debtor's confirmed plan . . . .[15]

Next, the Court decided whether any homestead exceptions in K.S.A. § 60-2301 or the Kansas Constitution applied. Rayne argued that a homestead is not exempt from sale for the repayment of obligations contracted for the erection of improvements thereon and that the repairs it conducted to the Debtor's residence constituted improvements to the residence. This Court found that Rayne "did not erect improvements on the Debtor's Residence and Homestead, but repaired it, the latter of which is not an obligation that is as an exception to the homestead exception."[16] Rayne also requested relief under 11 U.S.C. § 362(d)(1)[17] through this Court's equitable powers. This Court found that:

> Rayne-Storm's arguments in this venue should have been raised prior to confirmation of the Debtor's plan; having failed to object to the Debtor's confirmed plan, it is improper to raise the issue of good faith or lack thereof in the filing of the Debtor's bankruptcy case or in the proposed Chapter 13 plan. Confirmation of the plan operates as res judicata as to all issues and arguments that should have been raised prior to confirmation. It is inappropriate for this Court to exercise its equitable discretionary powers to grant relief from the automatic stay so late in the game. . . . Rayne-Storm does not have a timely filed and allowed claim in this case or a lien on the Residence; Rayne-Storm did not object to confirmation of the Debtor's plan; Rayne-Storm violated the automatic stay by not turning over funds of the estate to the Debtor or to the Trustee; Rayne-

---

[14] Doc. 63.
[15] Doc. 63, at 4–5 (internal quotations omitted).
[16] Doc. 63, at 7.
[17] All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.

Storm did not object to the dischargeability of its debt; and Rayne-Storm only held a general unsecured claim when this case was filed. Rayne-Storm has unsuccessfully attempted, without argument as to the distinction, to convert a state court judgment for damages arising from repair of the Residence to a judgment for the erection of improvements on the Debtor's Residence. However, as clearly established, by virtue of the homestead exemption a judgment lien never attached to the Residence.[18]

By virtue of Rayne's prepetition garnishment of the Debtor's wages, Rayne attached and retained $379.83 of the Debtor's post-petition wages after this case was filed. Debtor's counsel made demand upon Rayne for delivery of these funds as they constituted property of the bankruptcy estate, and retention thereof was in violation of §§ 362(a) and 542. Rayne refused to turn over this estate property, and on August 5, 2015, the Debtor filed a motion for contempt against Rayne,[19] which this Court heard on September 15, 2015. This Court directed that Rayne pay the post-petition wages to the Debtor and found that Rayne's actions were contemptuous and violated §§ 362(a) and 542.[20]

On March 7, 2016, Rayne moved pursuant to Fed. R. Bankr. P. 3008, 7052, 9014, 9023 and 9024, and Fed. R. Civ. P. 52, 59(a), (d), and (e), and 60, for the Court to reconsider, to alter or amend, to set aside, and to vacate its memorandum opinion and order denying Rayne stay relief, to make additional findings, for an evidentiary hearing, and for a trial (the Motion to Reconsider).[21] Rayne states that: (1) the Court's order denying stay relief contains manifest errors of law and fact upon which the Order is based; (2) the Court did not provide Rayne a final hearing under § 362(e); (3) Rayne has been denied its due process rights under the Fifth Amendment; (4) the Court's order ignores Debtor's § 522(f) motion; (5) the Code contains a general rule that proceedings to determine the validity, priority, or extent of a lien are to be

---

[18] Doc. 63, at 11 (footnote and citations omitted).
[19] Doc. 21.
[20] Doc. 46. The Court found that an award of attorney's fees to Debtor under § 362(k) was warranted; that issue remains pending.
[21] Doc. 66.

brought as adversary proceedings, but Fed. R. Bankr. P. 4003(d) creates an exception to that rule; (6) Debtor's plan is not entitled to *res judicata* effect on Rayne's lien because Debtor opened the door to contesting his attempt to discharge Rayne's secured judgment lien through a § 522(f) motion; (7) Debtor has the burden of proof on all issues except the issue of Debtor's equity in the property; (8) the submitted exhibits overwhelmingly illustrate that Rayne's work on the real property was the "erection of improvements" within the meaning of the Kansas homestead exemption; (9) the Court failed to consider that the roofing system and other items that were repaired were of an aged and depreciated state and that materials Rayne installed were new, which sui generis, constitutes an "improvement" in every sense of the word; (10) the Court analogized "improvements" under the Kansas homestead exemption to "improvements" under the Kansas mechanic's lien statutes; (11) Debtor's homeowner's insurance company, State Farm, repeatedly refers to the work performed on Debtor's real property as "repairs," which, when read in light of all the mechanic's liens filed for similar projects based on insurance claims, proves that the use of the word "repair" in the industry is meant to include "improvements" within the mechanic's lien statutes; (12) in the underlying litigation, Debtor filed a Motion for Order Declaring Absence of Lien; (13) the Kansas mechanic's lien statutes, and Kansas case law interpreting and applying those statutes, support a finding that Rayne's work was an "improvement" within the meaning of the Kansas mechanic's lien statutes; and (14) the Court's order contravenes the reasoning set forth by this Court in *In re Seel*.[22] Rayne attached 147 exhibits of documents regarding mechanic's liens filed against non-parties by non-party contractors.

On March 22, 2016, Debtor filed a response to Rayne's Motion to Reconsider. Debtor argues that whether Rayne holds a lien on Debtor's Residence is irrelevant because Rayne did

---

[22] Doc. 67, at 1–26; *In re* Seel, 22 B.R. 692, 696 (Bankr. D. Kan. 1982).

not file an objection to the allowance of Debtor's residence as his homestead and the time to do so has passed and the exemption is allowed under *Taylor v. Freeland & Kronz*.[23] Debtor also asserts Rayne "may not utilize Rule 59(e) to complete presentation of the party's case after the court has ruled against that party."[24] Debtor feels Rayne has not shown cause for a new trial or altering a judgment under Fed. R. Civ. P. 59 or 60. Debtor argues that "the distinction between a 'repair' and an 'improvement' are irrelevant . . . [because] Rayne-Storm did not file a timely proof of claim and did not object to the plan or claim of exemption until three months after the plan was confirmed."[25] Debtor filed his § 522(f) motion to avoid Rayne's purported lien in response to Rayne's untimely motion for relief from stay to prove that Rayne is not a secured creditor. Debtor asserts Rayne has not proven that grounds exist under Fed. R. Civ. P. 60(b) to reopen the issue. Ultimately, Rayne's "failure to timely participate in Debtor's bankruptcy is fatal to its claim."[26]

On March 22, 2016, Debtor also filed a motion to strike Rayne's 147 exhibits filed to support Rayne's Motion to Reconsider.[27] Debtor argues the exhibits are cumulative and irrelevant under Fed. R. Civ. P. 25 and Fed. R. Evid. 403 because the "documents do not show the court's order denying Rayne-Storm relief was based on error. Nor are the exhibits new, recently discovered evidence."[28] Debtor asserts "[t]he only relevant evidence would consist of proof that Rayne-Storm filed a timely proof of claim, objected to the exemption before the deadline, or showing that Rayne-Storm was given additional time to file these documents."[29] Finally, Debtor asserts that:

---

[23] 503 U.S. 638 (1992).
[24] Doc. 218, at 2 (citing *Matter of* Reese, 91 F.3d 37 (7th Cir. 1996)).
[25] Doc. 218, at 3 (citing De Priest v. Ransom, 165 Kan. 147 (1948)).
[26] Doc. 218, at 4 ¶ 19.
[27] Doc. 219.
[28] Doc. 219, at 2 ¶ 9. Many of the exhibits are irrelevant because Rayne did not file a mechanic's lien.
[29] Doc. 219, at 2–3 ¶ 10.

[e]ven if the Court were to grant the Motion to Reconsider by deleting the distinction between 'repairs' and 'improvements,' Rayne-Storm would not be entitled to relief. It has missed all relevant deadlines in this case and the Court is powerless to consider arguments that should have been raised prior to confirmation of Debtor's plan.[30]

Rayne filed a response to Debtor's motion to strike, arguing that:

[a]ll Exhibits at issue: (a) [r]elate to the underlying litigation that resulted in Rayne's secured judgment lien against the subject property; (b) [h]ave been scrutinized by, and are familiar to, Debtor's state-court trial counsel, whose knowledge is imputed to Debtor; and (c) [h]ave been in Debtor's and/or his attorney's possession, custody, or control for a period of *years*.[31]

## LAW

Pertinent parts of the Bankruptcy Rules and the Federal Rules of Civil Procedure are as follows:

Fed. R. Bankr. P. 3008:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.

Fed. R. Bankr. P. 9023:

A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed. R. Civ. P. 52(b):

On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 59(a):

(a) In General.
   (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
      . . .
     (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

---

[30] Doc. 219, at 3 ¶ 12.
[31] Doc. 222, at 2–3 (emphasis in original).

(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 60(b):

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void;
  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

## ANALYSIS

Employing Fed. R. Civ. P. 59 is only justified when there is a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.[32] "Motions for reconsideration are 'not an opportunity to re-argue a case' and should not be used by the parties to 'raise arguments which could, and should, have been made before judgment issued.'"[33] Further, "[a] motion for a new trial in a nonjury case . . . should not be set aside except for substantial reasons."[34] "A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented . . . prior to judgment."[35] "Evidence known to [a] party and deliberately

---

[32] GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).
[33] Morris v. Charron (*In re* Charron), 541 B.R. 822, 825 (Bankr. W.D. Mich. 2015) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).
[34] 11 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2804 (3d ed.).
[35] 3 MOTIONS IN FEDERAL COURT § 9:94 (3d ed.) (citing FED. R. CIV. P. 59(e)); Quality Products R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200 (1st Cir. 2015)).

withheld for tactical reasons cannot constitute newly discovered evidence supporting [a] motion for reconsideration."[36] The standard for granting motions for reconsideration "is strict, and reconsideration will generally be denied . . . ."[37] Rayne fails to clear Rule 59's standards as it is an extraordinary solution used sparingly and only granted in highly unusual situations.[38]

Rayne fails to establish grounds why the Court's February 23, 2016, order is wrong. Rayne asserts the Court's order denying relief from the automatic stay contains manifest errors of law and fact upon which the Court based its decision. "The court usually must have a 'clear conviction of error' or believe that the final judgment was 'dead wrong' before it will alter or amend a judgment on the basis of manifest error. Mere disagreement with how the court weighed the facts or interpreted the case law does not constitute a manifest error justifying reconsideration."[39]

Most of Rayne's argument focuses on the assertion that it could have filed a mechanic's lien. "[A] mechanic's lien is purely a creation of statute, and those claiming a mechanic's lien must bring themselves clearly within the provisions of the authorizing statute."[40] Here, Rayne did not file a mechanic's lien on Debtor's homestead and there is a fundamental difference between a statutory mechanic's lien and the constitutional and statutory Kansas homestead exemption.[41] "[E]xceptions to the constitutional and statutory homestead exemption are to be strictly construed in favor of the one claiming the exemption;"[42] thus, it is read broadly in favor

---

[36] 3 Motions in Federal Court § 9:94 (3d ed.) (citing Bennett v. Saint-Gobain Corp., 507 F.3d 23 (1st Cir. 2007)).
[37] Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (citing Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995)).
[38] *In re* Wahlin, 2011 WL 1063196, at *1 (Bankr. D. Idaho Mar. 21, 2011).
[39] Steven S. Gensler, *Altering or Amending a Judgment*, 2 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 59 (citations omitted).
[40] Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd., 259 Kan. 166, 170 (1996), citing Kansas City Heartland Constr. Co. v. Maggie Jones Southport Café, Inc., 250 Kan. 32, 34 (1992).
[41] *See* Kan. Const. art. XV, § 9; K.S.A. § 60-2301.
[42] De Priest v. Ransom, 165 Kan. 147, 152 (1948), citing Wichita Acetylene Mfg. Co. v. Haughton, 97 Kan. 528, 530 (1916); Dotson-Murray Fruit Co. v. Leibrand, 143 Kan. 72, 75 (1936).

of the Debtor. "The homestead provision specifically enumerates the only circumstances where a homestead claimant may be deprived of his or her status. The courts and the legislature do not have the power to create new exceptions to the constitutional homestead protections."[43] The Kansas homestead exemption does not reference mechanic's liens as an exception. Thus, Rayne's assertions regarding mechanic's liens are totally irrelevant.

Rayne alleges "[t]he paramount issue of material fact upon which the Order is based was not raised by either party . . . ."[44] The Court presumes Rayne is referring to the Court's conclusion that repairs do not equal improvements under the Kansas homestead statute. However, Rayne's Motion to Reconsider fails to include any Kansas citations showing that repairs are legally equivalent to improvements under the Kansas homestead law. The work Rayne did on Debtor's home did not erect an improvement. Rayne repaired and, at most, replaced Debtor's storm damaged roof.

The work Rayne completed on Debtor's home consisted of repairs and replacement. It was not intended to enhance its value, beauty, or utility. The repairs were intended to put the roof back in a condition where it could pass a city inspection and the home could be used as it was before it was damaged. Thus, Rayne is not entitled to a forced sale of the property because Rayne's repair of Debtor's roof does not constitute an erection of improvements on the property and therefore does not meet an exception to the Kansas homestead exemption. Rayne's disagreement with the Court's weighing of facts and interpretation of case law does not constitute a manifest error justifying reconsideration.

Rayne received a judgment against the Debtor, which created a lien against Debtor's real property located in Johnson County, Kansas, with the exception of that real property that is the

---

[43] State *ex rel*. Braun v. Tract of Land in Nw. Quarter of Section Four, Twp. Eleven S., Range Nineteen W. of 6th P.M., Ellis Cty., Kan., 251 Kan. 685 (1992).
[44] Doc. 67, at 1 ¶ 1.

Debtor's homestead. Rayne is not a secured creditor because Rayne's lien did not attach to debtor's residence under the Kansas homestead exemption. Thus, Rayne has no right to attach, execute upon, or foreclose on Debtor's home and has no claim to relief from the automatic stay. Rayne has not presented anything showing the Court's conclusions on this issue are incorrect. Rayne failed to proffer newly discovered evidence not previously available or that clearly establishes a manifest error of law or fact.

Rayne argues that it "has not been afforded an opportunity to present the testimony of witnesses or any other evidence."[45] This assertion is misplaced because Rayne waived its right to demand an evidentiary hearing. After oral argument, this Court recessed to review the pertinent law.[46] The matter was then continued subject to call,[47] pending the provision of certain documents from the state court litigation, which documents were provided by Rayne's counsel. A creditor who actively participates in briefing of a contested matter waives the right to insist on an evidentiary hearing that it at no time requested until after the motion was denied.[48] Movants waive their rights to an evidentiary hearing when they wait to assert the issue until after an adverse court ruling.[49] Importantly, even if the Court considered Rayne's proffered factual contentions and legal arguments, it would not rule differently.

The arguments Rayne asserts should have been made before the Debtor's plan was confirmed. Rayne is now bound by Debtor's plan. The rare exception for granting relief after a plan has been confirmed is default on the terms of the plan, and this is not possible here because Rayne's claim is provided for in the plan but Rayne does not hold an allowed claim. The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of

---

[45] Doc. 67, at 2 ¶ 1.
[46] Transcript of Oral Argument, Doc. 221, at 19.
[47] *Id*. at 20–21.
[48] § 362(d); *In re* Garden Ridge Corp., 399 B.R. 135 (D. Del. 2008), *judgment aff'd*, 386 Fed. App'x. 41, 53 (3d Cir. 2010).
[49] Baxter Healthcare Corp. v. Med. Lab. Automation, Inc., 1994 WL 695521, at *2 (N.D. Ill. Dec. 1, 1994).

such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.[50] "Once the plan is confirmed, the only cause for relief from the stay that may be validly asserted is the debtor's material failure to comply with the plan."[51] Rayne may not receive relief from the automatic stay under any circumstances because it does not have a lien in Debtor's homestead.

Rayne alleges badges of bad faith. However, the binding effect of Debtor's plan extends to all issues that were or could have been determined prior to confirmation.[52] A creditor cannot assert the plan was not filed in good faith after confirmation. Rayne believes relief is warranted by the Court's power to punish the Debtor's bad faith.[53] In *Matter of Gregory*,[54] the court upheld the discharge of a judgment against a debtor for embezzlement when the judgment creditor failed to oppose the discharge before confirmation. While § 523 explicitly excludes debts for embezzlement from discharge, the court nonetheless upheld the debtor's discharge, demonstrating the strength of the res judicata effect of plan confirmation.

Rayne alleges the Court ignored Debtor's § 522(f) motion, which opened the door for Rayne to litigate whether Debtor's homestead was exempt from its judgment lien and showed that Debtor did not believe his plan disposed of Rayne's lien. Debtor asserted he filed his motion to avoid Rayne's purported lien in response to Rayne's untimely motion for relief from stay and the motion was filed to prove to the Court that Rayne is not a secured creditor. Debtor believes the Court's order denying Rayne relief from the automatic stay shut the door to contest whether the judgment attached to Debtor's homestead—but not before Rayne had an opportunity to be heard on the issue.

---

[50] § 1327(a).
[51] 8 COLLIER ON BANKRUPTCY, ¶ 1327.02[1][b], at 1327-5 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. 2016).
[52] United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010).
[53] Doc. 41, at 1.
[54] 705 F.2d 1118, 1119 (9th Cir. 1983).

"In the absence of an objection, property claimed as exempt is exempt."[55] Section 522(f)(1) provides that a debtor "may avoid the fixing of a lien on an interest of the debtor in property . . . ."[56] The purpose of judicial lien avoidance under § 522(f) is to protect the debtor's exemptions and thus, his fresh start.[57] "Congress explained that the purpose of lien avoidance in § 522 was to allow the debtor to 'void *any* judicial lien on exempt property.'"[58] Rayne and Debtor do not dispute that Rayne's lien qualifies as a judgment lien under Kansas law. However, in Kansas, with a few irrelevant exceptions, "a judgment lien does not attach to a homestead" and thus does not attach to the Debtor's exempt homestead interest.[59] In some cases, courts have allowed lien avoidance to remove any post-petition cloud over the homestead title[60] because a "judgment lien creates a cloud on the title to the residence."[61]

> Any lien on homestead real property creates a cloud on the title and renders the title unmarketable. The cloud on the title clearly impairs the homestead exemption. The Bankruptcy Code seeks to prevent just such an impairment by avoiding the lien and giving the debtor a true fresh start . . . .[62]

Thus, "[t]he debtor may void any judicial lien on exempt property," promoting "Congressional intent for codifying lien avoidance."[63] "[T]he zealously guarded homestead right in Kansas will not bow to the simple judgment lien in K.S.A. 60-2202."[64] Even if Rayne's

---

[55] *In re* O'Sullivan, 544 B.R. 407, 410 (B.A.P. 8th Cir. 2016).
[56] § 522(f)(1).
[57] Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991).
[58] *In re* O'Sullivan, 544 B.R. at 413, quoting H.R.Rep. No. 95-595, at 126 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6087 (emphasis added).
[59] *In re* Garstecki, 364 B.R. 95, 105 (Bankr. D. Kan. 2006); *In re* McRoy, 204 B.R. 62, 65 (Bankr. D. Kan. 1996); *In re* Hilt, 175 B.R. 747, 754 (Bankr. D. Kan. 1994); *In re* Lewis, 2007 WL 625723, at *4 (Bankr. D. Kan. Feb. 22, 2007), citing Morris v. Ward, 5 Kan. 239 (1869). Divorce court judgments, even those for past due child support, do not attach to a Kansas homestead unless a divorce court specifically imposes a judgment lien on a homestead. *See Matter of* Marriage of Johnson, 19 Kan. App. 2d 487 (1994) (The court held that a homestead is protected from forced sale to satisfy a past due child support judgment unless the divorce court specifically imposes a lien to secure the obligation). Notably, as to domestic support obligations, § 522(c)(1) may alter this analysis.
[60] *See, e.g., In re* Cisneros, 257 B.R. 332 (D.N.M. 2000).
[61] *In re* O'Sullivan, 544 B.R. at 413.
[62] *In re* Lowe, 250 B.R. 422, 425 (Bankr. M.D. Fla. 2000).
[63] *In re* O'Sullivan, 544 B.R. at 413–14, quoting H.R.Rep No. 95-595, at 118 and 126 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6087.
[64] Bank of Blue Valley v. Plaza Media, Inc., 143 P.3d 102 (Kan. App. 2d 2006).

judgment never attached to Debtor's homestead, it is prudent to pursue a § 522(f) motion to remove this cloud, if for no other reason, than to assure title companies that a judgment lien did not attach.

There is also pending before this Court the Debtor's application to avoid judgment lien of Rayne[65] and Rayne's objection thereto.[66] This Court's denial of Rayne's motion for relief from the automatic stay does not forestall adjudication of the distinct contested matter regarding the § 522(f) application. The Court is cognizant that, unlike a motion for relief from the automatic stay, the objecting creditor to a § 522(f) motion may challenge "the validity of the exemption asserted to be impaired by the lien."[67] This is the rule even if the time to object to exemptions has expired.[68] The Court's ruling here is limited to the facts and law regarding Rayne's motion for relief from the automatic stay; the procedures, burden of proof, and standard of proof to adjudicate a § 522(f) motion are distinct.

## CONCLUSIONS OF LAW

Ultimately, Rayne: (a) did not protect its interests by filing a mechanic's lien; (b) does not have a timely filed and allowed claim; (c) did not object to the dischargeability of its debt; (d) did not object to confirmation of the Debtor's plan; (e) does not have a lien that attached to the Debtor's residence via the Kansas homestead exemption; (f) violated the automatic stay; and (g) only holds a general unsecured claim. Rayne has not shown: (a) a clear error of law; (b) newly discovered evidence; (c) an intervening change in the law; (d) or reasoning to prevent manifest injustice. The Court feels Rayne is employing its Motion to Reconsider as an opportunity to re-argue the case and present arguments which could have been made before

---

[65] Doc. 36.
[66] Doc. 47.
[67] FED. R. BANKR. P. 4003(d).
[68] 9 COLLIER ON BANKRUPTCY, *supra* note 51, ¶ 4003.RH[5], at 4003-19.

16.07.12 15-20635 Fakhari Order Denying Motion to Reconsider    15

judgment issued. Rayne fails to show it qualifies for reconsideration; a Rule 59 motion is an extraordinary solution used sparingly and only granted in highly unusual situations.

**IT IS ORDERED** that Rayne-Storm Co., LLC's motion to reconsider, to alter or amend, to set aside, to vacate, to make additional findings, for evidentiary hearing with witness testimony and other evidence, and for a trial is DENIED.

**IT IS FURTHER ORDERED** that the Court will separately adjudicate the distinct contested matter of Debtor's § 522(f) application to avoid judgment lien of Rayne-Storm Co., LLC.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS